UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X   NOT FOR PUBLICATION
XIU JIAN SUN,

                         Plaintiff,   **MEMORANDUM AND ORDER**
                                             17-CV-5916 (AMD) (SMG)

-against-

STATE OF NEW YORK OFFICE OF THE
ATTORNEY GENERAL, et al.,

                       Defendants.
------------------------------------------------------------X

**ANN M. DONNELLY**, United States District Judge.

On October 10, 2017, the plaintiff Xiu Jian Sun, identifying himself as "god's servant" and "the spiritual Adam," commenced this *pro se* action against over 150 defendants. (*See* Compl., ECF No. 1 at pp.1-21.) The plaintiff has paid the statutory filing fee to commence this action. For the reasons set forth below, the complaint is dismissed. The plaintiff is directed to show cause as to why a filing injunction should not be entered against him within 30 days from the date of this Order.

## BACKGROUND

The complaint does not include any factual allegations, and does not allege violations of any statutes. Instead, it includes random observations and fragments of presumably religious texts, including the following examples:

1. Jehovah, -the Lord God of host, sent the messenger through angel said to spiritual Adam: **"the robbers, the bandits."** [ . . . ] 09/19/2017 (Servant then pondering who he is talking to . . . .)

2. In the morning of date of December 10, 2016, when the book of Brief of the Appellant made near completion. The lord god of hosts sent the messenger to the spiritual Adam through angel, saying. '**The Pharisees have appropriated widow's possessions.**' [ . . . ]

1

3. Prior to Pharisees sent letter to ask servant to modify brief: The Lord god of hosts sent messenger speaks to spiritual Adam – plaintiff, through the angel, says: '**Pharisees even swallowed dead people's bones.**' [ . . . ] 05/2017.

4. Jehovah, -the Lord God of host, sent the messenger through angel said to spiritual Adam: "**Wang Xing Ren.**" [ . . . ]

5. 109 precinct and 2 female enforcement police officer from 109 precinct 3705 Union St., Flushing, NY 11354, 718-321-2250, Index No: 9076-2015. Jehovah, the Lord god of hosts sent messenger through the angel said to spiritual Adam: "**Bring it to be in front of their king.**" [ . . . ]

6. Jehovah, -the Lord god of host, sends the messenger through the angel says to spiritual Adam, "**Next time, still like this when comes to the ground.**" (Says to snake in Eden.). [ . . . ]

7. Jehovah, -the Lord god of host gives the words to servant (Plaintiff) in the temple he made, "**Trial with god's law. Apply for jury to prevent insult and unfair behavior.**"

(ECF No. 1 at ¶¶ 1-7 (omitting Chinese language).) While the plaintiff requests a Mandarin Chinese court interpreter "for [his] appeal court day," he does not state any cognizable cause of action, damages or relief. (*Id.*) In short, there is no cognizable basis for this action.

The plaintiff has already filed seven similar fee-paid complaints against various state and federal court judges, court personnel, government officials, and lawyers, which have all been dismissed:

- *Xiu Jian Sun v. Supreme Court of the State of New York County of Queens,* No. 17-cv-5063 (ENV) (LB) (dismissing fee-paid *pro se* complaint with prejudice) (terminated Sept. 26, 2017);

- *Xiu Jian Sun v. Chow, et al.*, No. 17-cv-5000 (ENV) (LB) (dismissing fee-paid *pro se* complaint with prejudice) (terminated Sept. 26, 2017);

- *Xiu Jian Sun v. Pollak,* No. 17-cv-1570 (ENV) (LB) (dismissing fee-paid *pro se* complaint with prejudice) (terminated Apr. 11, 2017);

- *Xiu Jian Sun v. Cheung,* No. 16-cv-5734 (ENV) (CLP) (dismissing fee-paid *pro se* complaint for failure to prosecute) (terminated Apr. 17, 2017);

- *Xiu Jian Sun v. Dillon, et al.,* No. 16-CV-5276 (LDH) (LB) (dismissing fee-paid *pro se* complaint as frivolous and warning the plaintiff against filing similar complaints) (terminated Oct. 13, 2016);

- *Xiu Jian Sun v. Katzmann, et al.,* No. 16-CV-3937 (LDH) (LB) (dismissing fee-paid *pro se* complaint as frivolous and warning the plaintiff against filing similar complaints) (terminated Aug. 3, 2016), *appeal dismissed,* Mandate No. 16-3103 (2d Cir. July 11, 2017);

- *Xiu Jian Sun v. Cavallo,* No. 16-CV-1083 (ENV) (CLP) (dismissing fee-paid *pro se* complaint as frivolous) (terminated Mar. 23, 2016), *appeal dismissed,* Mandate No. 16-950 (2d Cir. July 28, 2016).

## DISCUSSION

A federal court must "liberally construe[]" pleadings by *pro se* parties, who are held to less stringent standards than attorneys. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citation omitted); *accord Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996). Nevertheless, a district court may dismiss a *pro se* action *sua sponte*—even if the plaintiff has paid the requisite filing fee—if the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy . . . ." *Livingston v. Adirondack Beverage*

3

*Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see Scanlon v. Vermont*, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

The plaintiff has made a practice of suing any judge, court personnel, government official, or person with whom he has ever interacted. In addition, the allegations consist entirely of religious pronouncements. The complaint is therefore dismissed as frivolous. The Court denies the plaintiff an opportunity to amend the complaint, because there is nothing in the complaint that suggests that the plaintiff has a valid claim against any of the named defendants.

This is the plaintiff's *eighth* such action, and the plaintiff has not heeded prior warnings to stop filing frivolous lawsuits. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted). "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (quotations and citation omitted); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction); *see also* 28 U.S.C. § 1651(a). Prior to issuing such an injunction, the court must provide the litigant with notice and an opportunity to be heard. *See Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 528-29 (2d Cir. 2005); *Ling Li v. Asphalt Green, Inc.*, 581 F. App'x 6, 8 (2d Cir. 2014) (summary order).

Accordingly, the plaintiff is directed to show cause as to why he should not be enjoined from filing any new action, whether fee-paid or requesting *in forma pauperis* status, without prior approval from this Court. The plaintiff must file an affirmation in response to this Order within 30 days from the entry of this Order. If the plaintiff does not file an affirmation or his affirmation does not provide a valid basis for why the filing injunction should not issue, the Court will enter an Order enjoining the plaintiff from filing any new lawsuits in this Court, without first obtaining the Court's permission.

## CONCLUSION

The plaintiff's complaint is dismissed as frivolous. Leave to amend is denied.

The Court further directs the plaintiff to show cause as to why he should not be enjoined from filing any new civil action—whether fee paid or not—without first obtaining the Court's permission, within 30 days of the entry of this Order. All further proceedings shall be stayed for 30 days.

Although the plaintiff has paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                                _____
                                                ANN M. DONNELLY
                                                United States District Judge

Dated: Brooklyn, New York
       October 19, 2017